Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Heather Davenport

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Heather Davenport**, an Arizona resident; | **Case No.** |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **SP Jedi Inc.,** an Arizona company; and **Jed Elliot**, an Arizona resident; | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Heather Davenport, for her Verified Complaint against Defendants, hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); retaliation under the FLSA, § 215(a)(3); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and retaliation under the Arizona Minimum Wage Statute, § 23-364(B).

2. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, liquidated damages, punitive damages, and statutory penalties resulting from Defendants' FLSA and Arizona Minimum Wage Statute retaliation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Heather Davenport resided in the District of Arizona.

8. Plaintiff was a full-time, non-exempt employee of Defendants from in or around May 22, 2017 until on or about July 21, 2017.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1), and A.R.S. § 23-362, and was a non-exempt employee under 29 C.R.F. §213(a)(1).

10. Defendant SP Jedi, Inc. is a company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), and A.R.S. § 23-362.

11. Defendant Jed Elliot is an Arizona resident. He has directly caused events to take place giving rise to this action. Jed Elliot was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), and A.R.S. § 23-362.

12. Under the FLSA, Defendant Jed Elliot is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Jed Elliot determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of the previously identified corporate entities in relation to the company's employees, Jed Elliot is subject to individual and personal liability under the FLSA.

13. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

17. Defendants are a website designer and sharepoint solutions company.

18. In or around May 22, 2017, Plaintiff commenced employment with Defendants.

19. Plaintiff was a Marketing and Sales Specialist. Plaintiff's main job duties included focusing on social media strategies, marketing plans, business plans, and client-specific materials.

20. At the commencement of Plaintiff's employment, she was a non-exempt employee and was paid approximately $19.50 per hour.

21. Between July 2, 2017 and July 21, 2017, Defendants failed to properly compensate Plaintiff minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

22. Because Plaintiff received $0.00 between July 2, 2017 and July 21, 2017, an Arizona and FLSA minimum wage violation has occurred.

23. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA and Arizona Minimum Wage Statute.

24. Defendants willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Minimum Wage Statute.

25. On July 20, 2017 Plaintiff complained to Defendants that she was not getting paid her owed wages.

26. On July 21, 2017, because of these complaints, Plaintiff was terminated from her employment.

27. In addition to the anti-retaliation provisions in the Arizona Minimum Wage Act, so too have Defendants retaliated against Plaintiffs in violation of the FLSA, 29 U.S.C. § 215(a)(3).

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

28. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

29. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

30. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

31. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

32. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C. § 206.

33. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

34. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

35. Defendants have not made a good faith effort to comply with the FLSA.

36. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FLSA RETALIATION)

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. In complaining to Defendants about not paying her wages, Plaintiff engaged in FLSA-protected conduct.

39. Plaintiff suffered adverse employment action by Defendants when Defendants terminated Plaintiff.

40. Defendants' retaliatory activity was intended to prevent Plaintiff from receiving her owed wages.

41. As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3). Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages.

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

42. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

44. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

45. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

46. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (RETALIATION – ARIZONA MINIMUM WAGE STATUTE)

47. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

48. In complaining to Defendants about not paying her at least minimum wage, Plaintiff engaged in conduct protected by the Arizona Minimum Wage Act under A.R.S § 23-364.

49. Plaintiff suffered adverse employment action by Defendants when Defendants terminated Plaintiff.

50. Defendants' retaliatory activity was intended to prevent Plaintiff from receiving her owed minimum wages.

51. Defendants took such adverse employment action against Plaintiff because Plaintiff engaged in the protected activity.

52. As a result of Defendants' conduct, Plaintiff is entitled to front pay; reimbursement of lost wages and interest; payment of an amount sufficient to compensate them and to deter future violations; reasonable attorneys' fees and costs of suit; and other appropriate legal and/or equitable relief.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      ii.      willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      iii.      violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      iv.      willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      v.      violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff;

      vi.      violated A.R.S. § 23-364(B) by terminating Plaintiff.

B.    For the Court to award compensatory damages, including liquidated damages, and interest pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g); and/or punitive damages pursuant to 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 14, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    14500 N. Northsight Blvd, Suite 133
    Scottsdale, AZ 85260
    Attorneys for Plaintiff Heather Davenport

## VERIFICATION

Plaintiff Heather Davenport declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Heather Davenport